STOTTS *v.* OHIO DEPARTMENT OF TRANSPORTATION.

(No. 85-07340 — Decided February 12, 1987.)

Court of Claims of Ohio.

*Daniel Scott Smith,* for plaintiff.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Susan M. Sullivan,* for defendant.

WILLIAM F. BROWN, J. This cause came on for hearing on February 4, 1987, on separate motions for summary judgment filed by each of the two parties

on the grounds that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

On February 25, 1983, Warren J. Smith, Director of the Ohio Department of Transportation ("ODOT"), sent a letter to William G. Sykes, Director of the Ohio Department of Administrative Services ("DAS"), requesting that position No. 28078.0, supervisor of the district safety and health office, be changed from Athens County, to district headquarters in Washington County, Ohio. Wayne A. Stotts held that position and was not notified of the request for transfer by ODOT.

On March 31, 1983, William Denihan, Deputy Director of DAS, wrote Stotts and informed him that ODOT had requested and been granted approval of appellant's transfer from Athens County to Washington County.

On April 8, Warren Smith, Director of ODOT, informed appellant that the effective date of his transfer was to be April 17, 1983. Plaintiff Stotts was required by his transfer to Washington County to remove his residence to that county or to commute. He had to present himself there to perform his assigned duties and he elected to commute.

Plaintiff Stotts filed a timely appeal to the State Personnel Board of Review ("SPBR"), and at the hearing, the referee granted his motion for summary disaffirmance. In his report, the referee concluded that appellee ODOT had failed to comply with the procedural and substantive requirements set forth in R.C. 124.33, and recommended that appellant's transfer be disaffirmed. The SPBR issued an order and opinion on September 23, 1983, rejecting the referee's recommendation and affirming Stotts' transfer. Stotts appealed to the Court of Common Pleas of Franklin County, pursuant to R.C. 119.12, and that court affirmed the order of SPBR,

finding that it was not against the manifest weight of the evidence and was supported by reliable, substantial and probative evidence.

An appeal was taken to the Tenth District Court of Appeals where a judgment was rendered in favor of Stotts. The court held that Stotts' transfer from Athens County to Washington County had been illegal by reason of his not having been notified in writing of the request for transfer and not having been notified in writing that the request for transfer had been approved. This is a requirement of R.C. 124.33, which, in part, reads as follows:

"An appointing authority may, with the approval of the director of administrative services, permanently transfer an employee in the classified service of the state from his original position to a similar position in another office, department, or institution. * * * The appointing authority requesting the permanent transfer *shall notify the employee and the director in writing* of the request to transfer. * * * If he finds that the transfer is necessary for the efficient operation of the office, department, or institution, *he shall notify the appointing authority and the employee involved in the request for transfer, in writing*, that the transfer is approved, including in such notification a statement whether the transfer will require a permanent change of residence of the employee." (Emphasis added.)

A judgment entry remanding the case to the common pleas court with instructions to enter an order reversing the order of the SPBR was filed on January 9, 1985. There has been no appeal from that judgment and plaintiff has been returned to his former location in Athens. Accordingly, the only issue before this court is whether the plaintiff has suffered any compensable damages and, if so, in what amount has he been damaged.

The legal issues involved in this lawsuit have been settled and disposed of by the decision rendered by the Tenth District Court of Appeals in *Stotts* v. *Ohio Dept. of Transp.* (Jan. 3, 1985), No. 84 AP-489, unreported.

The court finds that the plaintiff did suffer damages by reason of his having to travel a distance of one hundred sixteen miles in getting to and from his newly assigned place of work while this case was pending; that the time consumed in that travel was three hours for each round trip; and that he is entitled to mileage payments and overtime payments.

The court finds that the position on which plaintiff serves has not been designated as "exempt" and occupants thereof are entitled to be compensated at a rate one and one-half times the normal rate for hours worked in excess of forty hours per week.

Plaintiff worked on the position in Washington County from April 17, 1983 up to and including February 21, 1985, with some periods of absence due to illness and vacation. The following summary indicates the days worked in Washington County, and the varying rate of remuneration at time and one-half and the mileage allowances. No payments are to be made for the periods of absence:

### Days worked in Washington County

(1)  4/17/83 through 1/20/84 = 200 total number of days during this period

$$\begin{array}{r} - \ \ 36 \text{ days off sick, vacation or holiday} \\ \hline 164 \text{ days of actual work} \end{array}$$

164 × 3 hrs. travel time per day = 492
Rate of pay: base rate $9.06/overtime rate $13.59
492 × $13.59 = $6,686.28.
Started calculating days on 4/18/83 because 4/17/83 was a Sunday.

(2)  1/21/84 through 3/16/84 = 40 total number of days during this period

$$\begin{array}{r} - \ \ 3 \text{ days off sick, vacation or holiday} \\ \hline 37 \text{ days of actual work} \end{array}$$

37 × 3 hrs. travel time per day = 111
Rate of pay: base rate $9.49/overtime rate $14.23
111 × $14.23 = $1,579.53
Started calculating days on 1/23/84 because 1/21/84 was a Saturday.

(3)  3/17/84 through 10/1/84 = 140 total number of days during this period

$$\begin{array}{r} - \ \ 25 \text{ days off sick, holiday or vacation} \\ \hline 115 \text{ days of actual work} \end{array}$$

115 × 3 hrs. travel time per day = 345
Rate of pay: base rate $10.05/overtime $15.07
345 × $15.07 = $5,199.15.
Started calculating days 3/19/84 because 3/17/84 was a Saturday.

(4)  10/2/84 through 2/21/85 = 103 total number of days during this period

$$\begin{array}{r} - \ \ 26 \text{ days off sick, vacation or holiday} \\ \hline 77 \text{ days of actual work} \end{array}$$

77 × 3 hrs. travel time per day = 231
Rate of pay: base rate $10.05/overtime $15.07
231 × $15.07 = $3,481.17
Total of four periods = $16,946.13.

In accordance with the above, plaintiff is entitled to receive payment of $16,946.13 for mileage and for three hours per day spent in traveling and it is so ordered.

*Judgment for plaintiff.*

WILLIAM F. BROWN, J., retired, of the Court of Common Pleas of Coshocton County, sitting by assignment in the Court of Claims.